Black, J. dissenting: I dissent from the majority opinion because I think it is in conflict with our decisions in Gisholt Machine Co., 4 T. C. 699, and Surface Combustion Corporation, 9 T. C. 631, and with the decision of the Circuit Court of Appeals for the Sixth Circuit, in Lincoln Electric Co. v. Commissioner, 162 Fed. (2d) 379, reversing us in Lincoln Electric Co., 6 T. C. 37. In the Lincoln Electric Co. case when it was before our Court I dissented and rather fully stated my reasons why I thought such expenditures as were there involved were deductible as ordinary and necessary business expenses under our decisions in Gisholt Machine Co., supra, and other cases to which I referred. I shall not repeat here what I said in that dissent. I simply refer to my dissent in the Lincoln Electric Co. case for a more full statement of my views on the basic question involved. It is true, of course, as one would naturally expect, that there are certain differences of phraseology in the trust indentures involved in the Gisholt Machine Co. case, the Lincoln Electric Co. case, the Surface Combustion Corporation case, and the instant case. However, such differences as exist are, in my opinion, unimportant insofar as tax consequences are concerned and without controlling significance. The real outstanding purpose of the trusts in all four of these cases was to provide incentive payments which served to build up a loyal and efficient force of employees, that being an important factor in the success of the business of each of these taxpayers. In Lincoln Electric Co. v. Commissioner, supra, the circuit court well characterized the nature of such payments, I think, when it said: The incentive plan adopted and enlarged by the petitioner was not unique in the life of the group or the community of which it was a part. Indeed, in view of its history it was not unique in the life of the specific industry affected. The Tax Court on another phase of the controversy, observed that the benefit to employees was uncertain, indefinite and intangible and so illusory, that the taxpayer in fact retained the substance and granted only the shadow to its employees. This colored all of its reasoning. But old age security, and benefits to one’s family upon death, even with control of distribution lodged in a committee, are not illusory. Provisions for old age security and unemployment insurance have in recent years challenged the best thought of the nation — they have enlisted the support of government itself. * * * [Emphasis supplied.] It is payments similar in their nature as the court was discussing in the above quotation that are involved here. Because the majority opinion denies to petitioner deduction of such payments as ordinary and necessary business expenses, I respectfully dissent. -HaReon, Kern, and Johnson, JJ., agree with this dissent.